IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN W. MILLER and MARY MILLER

    Plaintiffs,

v.                                       Civil Action No. 5:11CV117
                                                            (STAMP)
CHESAPEAKE APPALACHIA, LLC,
and CHESAPEAKE ENERGY CORP.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO REMAND**

I. Background

The above-styled civil action was filed in the Circuit Court of Marshall County, West Virginia. The complaint seeks a declaratory judgment terminating an oil and gas lease originally executed between Lonnie Wayne Francis and Hilda G. Francis and Great Lakes Energy Partners, LLC, the interests in which were later acquired by the plaintiffs and the defendants to this action. The termination is sought based upon allegations that the defendants failed to pay delay rentals and failed to cure. The plaintiffs also seek to have the defendants ejected and seek a release of the oil and gas lease to correct alleged slander of title to the plaintiffs' mineral rights.

The defendants removed this case to this Court on the basis of diversity jurisdiction, claiming that the parties are citizens of different states and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The plaintiffs then filed the instant motion to remand, which claims that diversity

jurisdiction is lacking because the defendants have failed to demonstrate that the amount in controversy exceeds the jurisdictional amount of $75,000.00.  The parties have fully briefed this motion, and it is now ripe for the consideration of this Court.  For the reasons that follow, this Court must deny the plaintiffs' motion to remand.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy.  Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994).  When

the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III. Discussion

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interest and costs. This Court does not agree.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins, 861 F. Supp. at 23. In such circumstances, the Court may consider

the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id. Further, in declaratory judgment actions, "it is well established that the amount in controversy is measured by the value of the object of the litigation." McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 492 (S.D. W. Va. 2001) (quoting Hunt v. Washington State Apple Adver. Com'n, 432 U.S. 333, 347 (1977)).

After carefully reviewing the complaint and the parties' memoranda and accompanying affidavits, this Court concludes that the defendants have satisfied their burden of proof and that the value of the subject oil and gas lease may exceed $75,000.00. The defendants have shown that it is more likely than not that the cost to reacquire the subject oil and gas lease at this time would exceed $75,000.00 by including an affidavit from a landman Herbert Hoosier, who is responsible for land and lease acquisition in the subject area of Marshall County. Mr. Hoosier attests that he is personally familiar with the subject lease, as well as the land which the lease concerns -- 65.54 acres of land in Webster District, Marshall County, West Virginia. He further avers that he is familiar with the current market prices and that the cost to reacquire the subject lease should it be declared null and void, would exceed $75,000.00, assuming that the rights could be reacquired.

The plaintiffs do not contest the statements of Mr. Hoosier, but rather claim that he does not support them with actual current market prices, and also claim that the plaintiffs are not interested in re-letting their mineral rights to the subject property, so the amount of reacquisition is irrelevant. They maintain that Mr. Hoosier's use of the qualifying phrase "assuming that those right (sic) could be reacquired" constitutes mere speculation. Thus, the plaintiffs argue, Mr. Hoosier's affidavit cannot support removal because removal cannot be based upon speculation and "bare allegation[s] that the amount in controversy exceeds $75,000." See Asbury-Casto v. Glaxosmithkline, Inc., 352 F. Supp. 2d 729, 731 (N.D. W. Va., 2005); and Haynes v. Heightland, 2006 U.S. Dist. LEXIS 19194 *3 (N.D. W. Va. 2006).

This Court does not believe that Mr. Hoosier's qualification that he was assuming that the lease could be reacquired constitutes speculation. Obviously, whether or not the defendants could reacquire the lease is a variable that is out of Mr. Hoosier's control, and if it is not able to be required, then the cost would change. Mr. Hoosier's inability to be sure that the lease would be reacquired should this lawsuit deem the current lease unenforceable does not change the value of the lease itself, the subject of the lawsuit. Further, even though the Millers claim that they are not interested in re-leasing their property if they are successful in this lawsuit, this too does not change the value of the lease itself. The inquiry in determining the value of a declaratory

5

judgment action, as explained above, is the "value of the object of the litigation," not what the actual cost to any certain party may be as a result of the lawsuit. McCoy v. Erie Ins. Co., 147 F. Supp. 2d at 492 (S.D. W. Va. 2001) (internal citation omitted).

This Court further disagrees with the plaintiffs' contention that because Mr. Hoosier did not include actual numbers with regard to the current market prices in the relevant area of Marshall county, that his statements of amount in controversy are "bare allegations" and "speculation." Mr. Hoosier is not only familiar with the lease that is the subject of this lawsuit and the plaintiffs' property, but is also familiar with current market prices in the relevant area, because he is the landman responsible for land and lease acquisitions in that area. While he does not include exact prices, his expertise in the area makes his deposition testimony, especially when not factually contested by the plaintiffs with any contradicting evidence, sufficient to support a conclusion that the market value of acquisition of the plaintiffs' lease exceeds $75,000.00.

Finally, the plaintiffs argue that the defendants cannot support their contention that the lease is worth more than $75,000.00, because, after the plaintiffs declared that their lease was void and that they intended to seek a court declaration of the same, the defendants, specifically Mr. Hoosier, offered them only $4,000.00 in exchange for a ratification that the lease was valid. To support this, the plaintiffs offer emails exchanged between Mr.

Hoosier and plaintiffs' counsel, as well as an affidavit from plaintiff John Miller stating that he was offered $4,000.00 to ratify the lease. This Court cannot conclude that this evidence overcomes the evidence offered by the defendants to show that the lease is worth over the jurisdictional amount. The offer made by the defendants in this instance was clearly a settlement offer made after the plaintiffs had begun to take legal action to have the lease nullified, and cannot serve as evidence of the market value of the lease. Further, the fact that the defendants offered $4,000.00 to ratify an already-existent lease is not evidence of the total value of the lease.

The defendants also assert that the plaintiffs made a counter-demand to the defendants' settlement offer that they would consider <u>re-leasing</u> the property to the defendants for a minimum sign-on bonus of $3,500.00 per acre -- a total cost of $226,170.00. While this Court did not consider this demand for purposes of deciding whether or not the defendants carried their burden of showing that jurisdiction exists, it is at least evidence that the plaintiffs' argument that the actual value of the lease is $4,000.00 may not have merit. Accordingly, the plaintiffs' motion to remand must be denied.

## IV. <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion to remand is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: March 30, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE